# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**City of Stockton, California**<br><br>　　　　　Debtor.<br><br>**Michael A. Cobb**,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>**City of Stockton, California**,<br><br>　　　　　Appellee. | District Court Case Number<br>NO. **2−14−CV−01272−KJM**<br><br>Bankruptcy Court Case Number<br>NO. **12−32118−C−9**<br><br>**STIPULATION AND ORDER TO DEFER BRIEFING PENDING PETITION FOR DIRECT APPEAL TO COURT OF APPEALS** |

　　　Appellant Michael A. Cobb and Appellee the City of Stockton (collectively, the "Parties"), through their respective counsel, hereby stipulate to the following:

　　　1.　　On June 3, 2014, the Parties jointly filed their Official Form 24 – Certification To Court Of Appeals By All Parties [Bankr. Dkt. No. 1540] ("Certification Request") with the bankruptcy court. The Certification Request, a copy of which was attached to the "Stipulation and Request for Certification to Court of Appeals by All Parties" as Exhibit A as filed herein July 15, 2014 (Docket No. 6), requested certification of this action to the Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 158(d). The bankruptcy court took no action on the Certification Request.

2. By reason of the transmission of the record to this Court by the bankruptcy court (Docket No. 3), and pursuant to Federal Rule of Bankruptcy Procedure 8001(f)(3)(A) and 8007(b), the Parties renewed their request for certification to the Court of Appeals under the "Stipulation and Request for Certification to Court of Appeals by All Parties" filed herein July 15, 2014 (Docket No. 6).  This request for certification remains pending before this Court.

3. Section 158(d)(2)(B)(ii) permits parties to a bankruptcy appeal to request certification to the court of appeals when they agree that circumstances warranting direct appeal to the court of appeals are present.  Upon such "request made by a majority of the appellants and a majority of the appellees," the court "shall make the certification" requested.  *Id*.  Certification in these circumstances is required and non-discretionary.

4. Section 158(d)(2) provides jurisdiction to the court of appeals to hear the appeal if the parties to the appeal certify that circumstances warranting a direct appeal to the court of appeals are present and "if the court of appeals authorizes the direct appeal of the judgment, order, or decree."

5. Pursuant to Federal Rule of Bankruptcy Procedure 8001(f)(5), once the district court issues the certification, one or more parties must petition for permission to appeal to the court of appeals in accordance with Fed. R. App. P. 5 no later than 30 days after the certification has become effective.  Appellant intends to file the petition to the Court of Appeals for the Ninth Circuit to hear the appeal in this matter promptly after certification by this Court and within the time prescribed by this rule.

6. On July 8, 2014, the Clerk of this Court issued a briefing schedule "Briefing Schedule in Bankruptcy Appeal" (Docket No. 4) requiring briefing on a fourteen day schedule between appellant and appellee.

7. Given that the Parties have requested certification of this appeal to the Court of Appeals and that such certification is mandatory, the Parties respectfully stipulate and request that the briefing of the appeal in this court be deferred until such time as the Court of Appeals acts on the petition to hear the appeal made to it after certification.  If the Court of Appeals grants the direct appeal, the briefing of the appeal in this Court will be moot.  If the Court of Appeals denies

the direct appeal, the appeal would then be heard in this Court in the first instance. In that event, the parties stipulate and request that the briefing schedule be modified as follows:

    a.    The appellant's opening brief and excerpts of record are due, filed in the district court, within twenty-one (21) days after service of any denial of a petition for the appeal to be heard by the Court of Appeals pursuant to 28 U.S.C. § 158(d)(2).

    b.    The appellee's opening brief is due, filed in the district court, within twenty-one (21) days after service of appellant's brief.

    c.    The appellant may file a reply brief with the district court, within twenty-one (21) days after electronic service of appellee's brief.

Dated: July 22, 2014

MARC A. LEVINSON
ROBERT M. LOEB
Orrick, Herrington & Sutcliffe LLP

By:    */s/ Marc A. Levinson*
MARC A. LEVINSON
Attorney for Appellee
City of Stockton

Dated: July 22, 2014

BRADFORD J. DOZIER
Atherton & Dozier

By:    */s/ Bradford J. Dozier*
BRADFORD J. DOZIER
Attorney for Appellant
Michael A. Cobb

**IT IS SO ORDERED.**

DATED: August 6, 2014.

_____
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER TO DEFER BRIEFING PENDING PETITION FOR DIRECT APPEAL TO COURT OF APPEALS